DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER WHEELER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1201

[June 24, 2020]

Appeal of order denying rule 3.850 motion from the Seventeenth Judicial Circuit, Broward County; Daniel Arthur Casey, Judge; L.T. Case No. 17-4388CT10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Christopher Wheeler, appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. The trial court summarily denied Appellant's motion without providing a legal basis or attaching portions of the record that conclusively refute the claims.

When a trial court summarily denies a postconviction motion, "it must either explain the rationale for the denial, or attach those portions of the record that conclusively refute the claims." *Morris v. State*, 287 So. 3d 634, 635 (Fla. 4th DCA 2020); *see also* Fla. R. Crim. P. 3.850(f)(5) (providing that if a motion is legally sufficient but the grounds listed therein can be conclusively resolved by reliance upon the record, the portion of the record that conclusively shows that the defendant is not entitled to relief must be attached to the order).

The State concedes that the trial court's order does not comply with the Rule. Accordingly, we reverse and remand for the trial court to explain its

rationale or attach portions of the record that conclusively refute Appellant's claims.

*Reversed and remanded for further proceedings consistent with this opinion.*

MAY, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**